# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN MANN,

        Plaintiff,

v.                                              Case No. 08-C-1086

US BANK.COM CORP.,

        Defendant.

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

On December 12, 2008, Brian Mann, proceeding pro se, filed a complaint against the defendant. Accompanying his complaint is a motion to proceed in forma pauperis ("IFP").

Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that Mann is unable to pay the $350.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his

statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests and must raise plaintiffs' right to relief above a speculative level. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

In his petition to proceed in forma pauperis, Mann's statements regarding his income and liabilities appropriately demonstrate to the court that he is indigent. Therefore, the court shall turn to the claims raised in Mann's complaint.

Mann is a frequent filer in this district, having filed thirteen separate actions since 1997, many of which relate to Mann's efforts to obtain Social Security Disability benefits. As for Mann's present complaint, the court has read and re-read his complaint numerous times and reviewed the documents attached to the complaint. It appears that his claim focuses upon the defendant's actions with respect to Mann's bank account. However, the court is unable to discern the precise nature of Mann's claim or how his claim might present a cause of action that this court has the authority to resolve. Simply alleging he is African American, that the defendant has violated his civil rights, and that he never received his "40 acres and a mule" as promised, is not sufficient. Therefore, Mann has failed to state a claim upon which relief may be granted, and accordingly, his motion to proceed in forma pauperis shall be denied and his complaint dismissed in accordance with 28 U.S.C.§1915(e)(2).

**IT IS THEREFORE ORDERED** that Mann's Motion to Proceed In Forma Pauperis, (Docket No. 2), is **DENIED** and the complaint is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin this 23 day of December 2008.

/s_____
Lynn Adelman
UNITED STATES DISTRICT JUDGE